IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10706
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ALONZO MORENO-AGUILAR,
also known as Alonso Moreno,
also known as Abelardo Moreno,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CR-363-ALL-H
--------------------
February 21, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Alonzo Moreno-Aguilar appeals the 84-month term of
imprisonment imposed following his guilty plea conviction of
being found in the United States after deportation in violation
of 8 U.S.C. § 1326.  Moreno-Aguilar contends that 8 U.S.C.
§ 1326(a) and 8 U.S.C. § 1326(b)(2) define separate offenses.
He argues that the aggravated felony conviction that resulted in
his increased sentence was an element of the offense under
8 U.S.C. § 1326(b)(2) that should have been alleged in his

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

indictment.  Moreno-Aguilar notes that he pleaded guilty to an indictment which recited only facts and elements supporting a charge of simple reentry under 8 U.S.C. § 1326(a), and argues that his sentence exceeds the two-year maximum term of imprisonment which may be imposed for that offense.  Moreno-Aguilar acknowledges that his argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but seeks to preserve the issue for Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).

Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001).  Moreno-Aguilar's argument is foreclosed.  The judgment of the district court is AFFIRMED.

In lieu of filing an appellee's brief, the Government has filed a motion asking this court to dismiss this appeal or, in the alternative, to summarily affirm the district court's judgment.  The Government's motion to dismiss is DENIED.  The motion for a summary affirmance is GRANTED.  The Government need not file an appellee's brief.

AFFIRMED; MOTION TO DISMISS DENIED; MOTION FOR SUMMARY AFFIRMANCE GRANTED.